Filed 10/23/20  P. v. Barnes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KRISTI BROUSSARO BARNES,<br><br>Defendant and Appellant. | F079493<br><br>(Super. Ct. No.VCF367239)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

Appointed counsel for defendant Kristi Broussaro Barnes asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 25, 2018, the Tulare County District Attorney filed a felony complaint charging defendant with obtaining aid in excess of $950 by means of fraud (Welf. & Inst. Code, § 10980, subd. (c)(2); count 1), and three counts of perjury by false application (Pen. Code, § 118;[1] counts 2–4). The allegations pertained to defendant's receipt of excess CalWORKS, CalFresh, and homeless assistance benefits in the total amount of $24,784 by way of failing to report spousal support income, falsely stating she had closed a bank account, and falsely reporting that her two children resided with her.[2]

On March 15, 2019, defendant entered a plea of no contest to count 1. The parties stipulated that investigative reports on file with the court provided a factual basis for the plea.

On April 30, 2019, appellant was sentenced on count 1 to five years of felony probation. She was ordered to serve 120 days in custody at the Tulare County Jail, and was subject to "flash incarceration" of not more than 10 days for a violation of her supervision conditions. She also was ordered to pay $24,784 in restitution. Defendant also was ordered to pay a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction

---

[1]    Undesignated statutory references are to the Penal Code, unless otherwise indicated.

[2]    These facts are taken from the probation officer's report.

assessment (Gov. Code, § 70373), all of which were stayed pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 pending a determination of defendant's ability to pay.[3] Counts 2 through 4 were dismissed.

On June 19, 2019, defendant timely filed a notice of appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

---

[3]     The ability to pay hearing was held after the filing of defendant's notice of appeal, and the court's determination of defendant's ability to pay is not reflected in the record on appeal.